## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ROBERT TRUJILLO and**
**JOE TRUJILLO,**

           **Plaintiffs,**

**vs.**

        **No. CV 03-0995 BB/RHS**

**ROLDAN LARGE, personally and as**
**an officer of Bernalillo County**
**Sheriff's Department, and the**
**COUNTY of BERNALILLO,**

        **Defendants.**

### DEFENDANTS' REQUESTED JURY INSTRUCTIONS

    **COMES NOW** Defendants, Roldan Large and the County of Bernalillo, by and through

their counsel of record, and respectfully submit the attached Defendants' Requested Jury

Instructions, asking that to the extent necessary, the Court instruct the jury as set forth in the

attached instructions at any trial in this matter.

                         Respectfully submitted

                         By_____

                           WILLIAM D. SLEASE
                           BRETT R. LOVELESS
                           Attorneys for Defendants
                           P.O. Box 1805
                           Albuquerque, NM  87103-1805
                           (505) 247-9488

I HEREBY CERTIFY that a true copy
of the foregoing Defendants' Requested Jury Instructions were
mailed on this 4th day of February, 2005:

Houston Ross
Attorneys for Plaintiffs
423 Sixth St. NW
Albuquerque, NM 87103

## DEFENDANTS' REQUESTED INSTRUCTION NO. 1

One of the defendants in this case, the County of Bernalillo, is a governmental agency. A governmental agency is entitled to the same fair and unprejudiced treatment as an individual and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

**Corporation as a Party (modified)**
N.M. UJI Civ. No. 13-206

## DEFENDANTS' REQUESTED INSTRUCTION NO. 2

A medical witness may testify about statements concerning a person's medical history and condition that were made for purposes of diagnosis or treatment. Such statements are not evidence of their own truth, but they may be considered to show the information upon which the witness's diagnosis or medical opinion was based. To whatever extent the opinion of the witness is based upon such statements, you may consider the trustworthiness of the statements in determining the weight to be given to the witness's opinion.

**Patient's history as told to doctor**
N.M. UJI Civ. No. 13-205

## DEFENDANTS' REQUESTED INSTRUCTION NO. 3

The plaintiffs, Robert Trujillo and Joe Trujillo claim that the defendant, Roldan Large, while acting under color of authority of the State of New Mexico as a member of the Bernalillo County Sheriff's Department intentionally violated the plaintiffs' constitutional rights. The constitutional rights that plaintiff Robert Trujillo claims that defendant Large violated are these:

1. The right not to be subjected to an unreasonable search of one's home or dwelling; and

2. The constitutional right to be free from the use of excessive force during the execution of a search warrant.

The constitutional right that plaintiff Joe Trujillo claims that defendant Large violated is:

1. The right not to be subjected to an unreasonable search of one's home or dwelling.

Under the Constitution of the United States, a citizen has the right not to be subjected to an unreasonable search of his home; and, he has the constitutional right not to be subjected to unreasonable force during the execution of a search warrant by a law enforcement officer.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates his rights under the Constitution of the United States.

In order to succeed with his claim in this case, each plaintiff must prove each of the following by a preponderance of the evidence:

1. That the defendant intentionally committed acts that violated one or more of that plaintiff's Federal constitutional rights that I have described to you;

2. That in so doing the defendant acted "under color" of the authority of the State of New Mexico; and

3. That the defendant's acts were the legal cause of the plaintiff's damages.

In this case the parties have stipulated (agreed) that the defendant acted "under color" of state

law and you must accept that fact as proven.

The plaintiffs also claim that the County of Bernalillo is liable for the alleged constitutional deprivations. A County is liable for the deprivation of a constitutional right if the deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision. Therefore, if you find that the plaintiff was injured as the proximate or legal result of the County of Bernalillo's policy, custom, ordinance, regulation or decision, whether made by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, the County itself will be responsible.

The first aspect of both of the plaintiffs' claims are that the plaintiffs were subjected to an unreasonable search of their home. The Constitution protects every citizen against "unreasonable" searches. Ordinarily, a law enforcement officer may not search a home before he has obtained a search warrant from a judicial officer. In this case, the defendant had obtained a search warrant to search the plaintiffs' residence. However, the plaintiffs claim that the defendant had no basis to obtain that search warrant. In order to succeed with such a claim, the plaintiffs must demonstrate that there was insufficient probable cause to support the search warrant. In that regard, you are instructed that probable cause for a search warrant exists when the facts presented in the law enforcement officer's affidavit in support of the warrant would lead a person of reasonable caution to believe that evidence of a crime will be found at the place to be searched. Further, affidavits in support of a search warrant may be based upon information provided by a confidential informant to a law enforcement officer, provided that the informant reasonably appears to the officer to be truthful and reliable, and is providing information based on some demonstrated knowledge. Moreover, when a search warrant is issued by a judge, police officers are entitled to rely upon the probable-cause determination of the judge when defending an attack on the officer's good faith for either seeking

or executing the warrant .

The plaintiffs also claim that the defendant did not announce his presence and authority before entering the plaintiffs' residence. The Constitution requires that police officers executing a search warrant for a residence must announce their presence and authority before entering. If the occupants of a residence do not admit the officers within a reasonable period of time after they have knocked and announced their presence and purpose, the officers may be deemed to be constructively refused admittance, and they may then enter by force. The amount of time that an officer must wait after knocking and announcing depends on the particular facts and circumstances of each case. An officer's actions in entering a residence by force must be judged by whether the officer's actions were reasonable under the circumstances.

The second aspect of plaintiff Robert Trujillo's claim is that the defendant used excessive force during the execution of the search warrant. In order to prove that the defendant used excessive force in violation of the Fourth Amendment, the plaintiff, Robert Trujillo must prove by a preponderance of the evidence:

1. some harm, that

2. resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

3. objectively unreasonable in light of the facts and circumstances at the time.

If the plaintiff fails to prove any one of these elements, you must find for the defendant.

Some of the things you may want to consider in determining whether the defendant used excessive force are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, (5) any efforts made to temper the severity of a forceful response, (6)

the severity of the crime at issue, (7) whether the suspect poses an immediate threat to the safety of the officers or others, (8) and whether he is actively resisting arrest or attempting to evade arrest by flight. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The nature of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments— in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. You should pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

This reasonableness inquiry is an objective one: the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

Each plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant was a proximate cause of the damage plaintiff suffered. An act or omission is a proximate cause of the

plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you find that either plaintiff has proven one or more of his claims, you must then consider the defendant's defense that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that the defendant is therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. It is clearly established that United States citizens are protected against unreasonable searches of their homes and against the use of excessive force by the Fourth Amendment to the Constitution.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that one or both of the plaintiffs have proved either (1) that the defendant was plainly incompetent or that (2) he knowingly violated the law regarding that plaintiff's constitutional rights, you must find for that plaintiff. If, however, you find that the defendant had a reasonable belief that his actions did not violate the constitutional rights of either plaintiff, then you cannot find the defendant liable even if one or both of the plaintiffs' rights were in fact violated as a result of the defendant's objectively reasonable action.

**Statement of Claims - 42 U.S.C. Section 1983 (modified)**
5th Circuit Pattern Jury Instructions Nos. 10.1, 10.2, 10.3, 10.4; *Saucier v. Katz*, 533 U.S. 194, 205 (2001); *United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1330 (10th Cir. 2003); *United States. v. Tuter*, 240 F.3d 1292, 1295, 1299-1300 (10th Cir. 2001); *United States v. Jenkins*, 175 F.3d 1208, 1213 (10th Cir. 1999).

## DEFENDANTS' REQUESTED INSTRUCTION NO. 4

You have heard evidence that the criminal charges were not filed against the plaintiffs following the search of their residence and that no drugs were found in the residence. The fact that the charges were not filed against the plaintiffs and the fact that no drugs were found in their residence are not material to your decision as to whether defendant Large acted properly in obtaining the search warrant and acted properly in executing the warrant. The fact that charges were not filed against the plaintiffs and the fact that no drugs were found does not mean that defendant Large did not have probable cause to obtain the warrant, nor that defendant Large used excessive force against plaintiff Robert Trujillo.

*LACK OF CRIMINAL CHARGES AND DRUGS NOT MATERIAL*
*Hunter v. Bryant*, 502 U.S. 224, 227-28 (1991); *Tennesse v. Garner*, 471 U.S. 1, 6-8 (1985); *United States v. Sparks*, 291 F.3d 683, 688 (10th Cir. 2002); *Wolford v. Izatt*, 78 F.3d 484, 490 (10th Cir. 1996); *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995).

## DEFENDANTS' REQUESTED INSTRUCTION NO. 5

If you should decide in favor of plaintiff Robert Trujillo on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by him to have resulted from the wrongful conduct as claimed:

1. The reasonable expense of necessary medical care, treatment and services received by that plaintiff and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future by that plaintiff.

2. The nature, extent and duration of that plaintiff's injury.

3. The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury.

The guide for you to follow in determining compensation for pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the plaintiff with fairness to all parties to this action.

Whether any of these elements of damages have been proved by the evidence is for you to determine. Your verdict must be based upon proof and not upon speculation, guess or conjecture.

Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

***MEASURE OF DAMAGES; GENERAL; MEDICAL EXPENSE; NATURE, EXTENT, DURATION, PAIN AND SUFFERING***
*N.M. U.J.I. Civ. 13-1802; N.M. U.J.I. Civ. 13-1804; U.J.I. Civ. 13-1806; N.M. U.J.I. Civ. 13-180[7]*

## DEFENDANTS' REQUESTED INSTRUCTION NO. 6

If you should decide in favor of plaintiff Joe Trujillo on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by him to have resulted from the wrongful conduct as claimed:

1. Property damage.

In determining property damages, if any, you may award the reasonable expense of necessary repairs to the property which was damaged.

Whether any of these elements of damages have been proved by the evidence is for you to determine. Your verdict must be based upon proof and not upon speculation, guess or conjecture.

Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

***MEASURE OF DAMAGES; GENERAL; PERSONAL PROPERTY - COSTS OF REPAIR***
*N.M. U.J.I. Civ. 13-1802; N.M. U.J.I. Civ. 13-1813*

## DEFENDANTS' REQUESTED INSTRUCTION NO. 7

If you find that a plaintiff has established a right to recover from one or more of the defendants, but that he has suffered no harm, insignificant harm, or damages that cannot be ascertained, you may award that plaintiff nominal damages. Nominal damages are a trivial sum of money, usually one cent or one dollar, awarded to a party who has established a right to recover but has not established that he is entitled to compensatory damages.

**_NOMINAL DAMAGES_**
_N.M. U.J.I. Civ. 13-1832_

## DEFENDANTS' REQUESTED INSTRUCTION NO. 8

If you find that defendant Large is liable to a plaintiff for the plaintiff's injuries, you must award the plaintiff the compensatory damages that he has proven. If you find that the plaintiff is entitled to compensatory damages and if you also find that the plaintiff has proven that defendant Large acted with malice or with callous and deliberate indifference to the safety or rights of others, you also may award punitive damages to that plaintiff. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that defendant Large's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. However, the amount can be as large as you believe necessary to fulfill the purposes of punitive damages.

You may not, however, award punitive damages against the County of Bernalillo as a matter of law.

**Punitive Damages (modified)**
5th Circuit Pattern Jury Instructions No. 15.13; *Dill v. City of Edmond*, 155 F.3d 1193, 1210 (10th Cir. 1998).

## DEFENDANTS' REQUESTED INSTRUCTION NO. 9

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct.

Or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

**WITNESS IMPEACHED**
*N.M. U.J.I. Civ. 13-2004*

## DEFENDANTS' REQUESTED INSTRUCTION NO. 10

For purposes of determining the reasonableness of defendant Large's use of force, you must not consider plaintiff Robert Trujillo's state of mind.  The Constitution does not require that defendant Large know what was in the heart or mind of plaintiff Robert Trujillo.  The Constitution only requires that, from an objective point of view and taking all factors into consideration, defendant Large used a reasonable amount of force in response to plaintiff Robert Trujillo's actions.

*Wilson v. Meeks*, 52 F.3d 1547, 1553-54 (10th Cir. 1995);
*Chavez v. Lehocky*, U.S.D.C. No. CIV 00-0307 WJ/KBM (Ct's Jury Instr., 4/24/03, Doc. No. 174), Instr. No. 10 (modified)

**DEFENDANTS' REQUESTED**
**SPECIAL VERDICT FORM**
**FOR PLAINTIFF JOE TRUJILLO**

On the questions submitted to the jury concerning Joe Trujillo, the jury finds as follows:

1.    Did Defendant Roldan Large unreasonably search Plaintiff Joe Trujillo's residence based on a warrant that lacked probable cause?

   Answer:    _____ Yes    _____ No

   If the jury's unanimous answer to question 1, is "Yes" please proceed to question number 2, below. However, if the jury's unanimous answers to question 1 is "No", then you must skip to question 4 and enter the name of the defendant Roldan Large on the blank line at the end of question 4, indicating that your verdict on Plaintiff Joe Trujillo's claims against Defendant Roldan Large is in favor of Defendant Roldan Large.

2.    Did Defendant Roldan Large have a reasonable belief that his actions were not in violation of the constitutional rights of Plaintiff Joe Trujillo?

   Answer:    _____ Yes    _____ No

   If the jury's unanimous answer to question 2 is "No", then please answer question 3.  If the jury's unanimous answer to question 2 is "Yes", then you must skip to question 4, and enter the name of the defendant Roldan Large on the blank line at the end of question 4, indicating that your verdict on Plaintiff Joe Trujillo's claims against Defendant Roldan Large under federal law, 42 U.S.C. Section 1983, is in favor of Defendant Roldan Large.

3.    Were any of Defendant Roldan Large's acts a cause-in-fact and proximate cause of any injury or damage to Plaintiff Joe Trujillo?

   Answer:    _____ Yes    _____ No

1

If the jury's unanimous answer to question 3 is "Yes", then enter the name of Plaintiff Joe Trujillo on the blank line at the end of question 4 indicating that your verdict on Plaintiff Joe Trujillo's claims against Defendant Roldan Large under federal law, 42 U.S.C. Section 1983, is in favor of Plaintiff Joe Trujillo.  If the jury's unanimous answer to question 3 is "No", then you must enter the name of the Defendant Roldan Large on the blank line at the end of question 4 indicating that your verdict on Plaintiff Joe Trujillo's claims against Defendant Roldan Large under federal law, 42 U.S.C. Section 1983, is in favor of Defendant Roldan Large.

4.      On Plaintiff Joe Trujillo's civil rights violation claims against Defendant Roldan Large under 42 U.S.C. § 1983, we find in favor of:

_____ _____.

Please proceed to the instructions at number 5 regardless of the name entered at the end of question 4.

5.      If the jury entered the name of Joe Trujillo in response to question 4, answer question 6 now.  If the jury entered the name of Roldan Large in response to question 4, skip to question 8 and write in the name of the County of Bernalillo on the blank line at the end of question 8 and have your foreperson sign and date this form and you have completed your deliberations as to Plaintiff Joe Trujillo.

6.      Did a County policy, ordinance, custom, regulation or decision deprive Plaintiff Joe Trujillo of a constitutional right?

Answer:         _____ Yes      _____ No

If the jury's unanimous answer to question 6 is "Yes", answer question 7, below.  If, however the jury's unanimous answer to question 6 is "No", please skip to question 8 and write the County of Bernalillo on the blank line at the end of question 8, indicating that you have found in favor of the County of Bernalillo on Plaintiff Joe Trujillo's federal claims.

7.      Were any acts of the County of Bernalillo the cause-in-fact and proximate cause of any injury or damage to Plaintiff Joe Trujillo?

Answer          _____ Yes        _____ No

If the jury's unanimous answer to question 7 is "Yes", then you must write the name of Plaintiff Joe Trujillo on the blank line at the end of question 8, indicating that you have found in favor of the Plaintiff Joe Trujillo on his federal claims

2

against the County of Bernalillo.  If, however the jury's unanimous answer to question 7 is "No", please write the County of Bernalillo on the blank line at the end of question 8, indicating that you have found in favor of the County of Bernalillo on Plaintiff Joe Trujillo's claims.

8.    On Plaintiff Joe Trujillo's claims against Defendant the County of Bernalillo we find in favor of:

_____ _____

Please proceed to the instructions at number 9 regardless of the name entered on question 8.

9.    If you have entered the name of Plaintiff Joe Trujillo on the blank line at the end of either question 4, or question 8, or both, please answer questions 10, 11 and 12 now.  If the name of Plaintiff Joe Trujillo does not appear at the end of either question 4 or question 8, skip all of the remaining questions on this form and have your foreperson sign and date this form and you have completed your deliberations on the claims of Plaintiff Joe Trujillo.

10.   In accordance with the damages instructions given by the Court, we find Plaintiff Joe Trujillo's compensatory damages to be
      $_____ (stating the amount or, if none, write the word "none")

      If you awarded Plaintiff Joe Trujillo any amount of compensatory damages greater than $0, you may, but are not required to award Plaintiff punitive damages in response to questions 11 and 12, below, provided that you also find that Defendant Roldan Large acted with malice or with callous and deliberate indifference to Plaintiff Joe Trujillo's rights.  If you did not award Plaintiff any compensatory damages or do not find that Defendant Roldan Large acted with malice or with callous and deliberate indifference to Plaintiff's rights, then you must not award Plaintiff punitive damages in response to question 11 and 12.

11.   Did you award Plaintiff compensatory damages in question 10, above, and do you also find that Defendant Roldan Large acted with malice or willfulness or with callous and deliberate indifference to Plaintiff Joe Trujillo's rights?

Answer:          ___ Yes              _____ No

If the jury's unanimous answer to question 11 is "Yes", then you may award Plaintiff Joe Trujillo punitive damages in response to question 12.  If the jury's unanimous answer is "No", then skip question 12 and have your foreperson sign and date this form and you have completed your deliberations on the claims of Plaintiff Joe Trujillo.

12.   We award punitive damages to Plaintiff Joe Trujillo in the amount of: $_____ . _____ .


Dated: _____ . _____        _____ . _____ . _____
                                                                              Foreperson

4

**DEFENDANTS' REQUESTED**
**SPECIAL VERDICT FORM**
**FOR PLAINTIFF ROBERT TRUJILLO**

On the questions submitted to the jury concerning Robert Trujillo, the jury finds as follows:

1.  Did Defendant Roldan Large unreasonably search Plaintiff Robert Trujillo's residence based on a warrant that lacked probable cause?

    Answer:    _____ Yes    _____ No

2.  Was Defendant Roldan Large's use of force in executing the search warrant at Robert Trujillo's residence clearly excessive and objectively unreasonable in light of all of the facts and circumstances apparent at the time the warrant was executed?

    Answer:    _____ Yes    _____ No

    If the jury's unanimous answer to either question 1 or question 2, above, is "Yes" please proceed to question number 3, below. However, if the jury's unanimous answers to both questions 1 and 2, above, are "No", then you must skip to question 5 and enter the name of the Defendant Roldan Large on the blank line at the end of question 5, indicating that your verdict on Plaintiff Robert Trujillo's claims against Defendant Roldan Large is in favor of Defendant Roldan Large.

3.  Did Defendant Large have a reasonable belief that his actions were not in violation of the constitutional rights of Plaintiff Robert Trujillo?

    Answer:    _____ Yes    _____ No

    If the jury's unanimous answer to question 3 is "No", then please answer question 4.  If the jury's unanimous answer to question 3 is "Yes", then you must skip to question 5, and enter the name of the defendant Roldan Large on the blank line at the end of question 5, indicating that your verdict on Plaintiff Robert Trujillo's claims against Defendant Roldan Large under federal law, 42 U.S.C. Section 1983, is in favor of Defendant Roldan Large.

4.  Were any of Defendant Roldan Large's acts a cause-in-fact and proximate cause of any injury or damage to Plaintiff Robert Trujillo?

    Answer:    _____ Yes    _____ No

1

If the jury's unanimous answer to question 4 is "Yes", then enter the name of Plaintiff Robert Trujillo on the blank line at the end of question 5 indicating that your verdict on Plaintiff Robert Trujillo's claims against Defendant Roldan Large under federal law, 42 U.S.C. Section 1983, is in favor of Plaintiff Robert Trujillo. If the jury's unanimous answer to question 4 is "No", then you must enter the name of the Defendant Roldan Large on the blank line at the end of question 5 indicating that your verdict on Plaintiff Robert Trujillo's claims against Defendant Roldan Large under federal law, 42 U.S.C. Section 1983, is in favor of Defendant Roldan Large.

5.     On Plaintiff Robert Trujillo's civil rights violation claims against Defendant Roldan Large under 42 U.S.C. § 1983, we find in favor of:

       _____.

Please proceed to the instructions at number 6 regardless of the name entered at the end of question 5.

6.     If the jury entered the name of Robert Trujillo in response to question 5, answer question 7 now. If the jury entered the name of Roldan Large in response to question 5, skip to question 9 and write in the name of the County of Bernalillo on the blank line at the end of question 9 and have your foreperson sign and date this form and you have completed your deliberations as to Plaintiff Robert Trujillo.

7.     Did a County policy, ordinance, custom, regulation or decision deprive Plaintiff Robert Trujillo of a constitutional right?

       Answer:          _____ Yes      _____ No

       If the jury's unanimous answer to question 7 is "Yes", answer question 8, below. If, however the jury's unanimous answer to question 7 is "No", please skip to question 9 and write the County of Bernalillo on the blank line at the end of question 9, indicating that you have found in favor of the County of Bernalillo on Plaintiff Robert Trujillo's federal claims.

8.     Were any acts of the County of Bernalillo the cause-in-fact and proximate cause of any injury or damage to Plaintiff Robert Trujillo?

       Answer          _____ Yes      _____ No

       If the jury's unanimous answer to question 8 is "Yes", then you must write the name of Plaintiff Robert Trujillo on the blank line at the end of question 9, indicating that you have found in favor of the Plaintiff Robert Trujillo on his

2

federal claims against the County of Bernalillo.   If, however the jury's unanimous answer to question 8 is "No", please write the County of Bernalillo on the blank line at the end of question 9, indicating that you have found in favor of the County of Bernalillo on Plaintiff Robert Trujillo's claims.

9.      On Plaintiff Robert Trujillo's claims against Defendant the County of Bernalillo we find in favor of:

_____.

Please proceed to the instructions at number 10 regardless of the name entered on question 9.

10.     If you have entered the name of Plaintiff Robert Trujillo on the blank line at the end of either question 5, or question 9, or both, please answer questions 11, 12 and 13 now.  If the name of Plaintiff Robert Trujillo does not appear at the end of either question 5 or question 9, skip all of the remaining questions on this form and have your foreperson sign and date this form and you have completed your deliberations on the claims of Plaintiff Robert Trujillo.

11.     In accordance with the damages instructions given by the Court, we find Plaintiff Robert Trujillo's compensatory damages to be
        $_____ (stating the amount or, if none, write the word "none")

        If you awarded Plaintiff Robert Trujillo any amount of compensatory damages greater than $0, you may, but are not required to award Plaintiff punitive damages in response to questions 12 and 13, below, provided that you also find that Defendant Roldan Large acted with malice or with callous and deliberate indifference to Plaintiff Robert Trujillo's rights.  If you did not award Plaintiff any compensatory damages or do not find that Defendant Roldan Large acted with malice or with callous and deliberate indifference to Plaintiff's rights, then you must not award Plaintiff punitive damages in response to question 12 and 13.

3

12. Did you award Plaintiff compensatory damages in question 11, above, and do you also find that Defendant Roldan Large acted with malice or willfulness or with callous and deliberate indifference to Plaintiff Robert Trujillo's rights?

Answer: _____ Yes _____ No

If the jury's unanimous answer to question 12 is "Yes", then you may award Plaintiff Robert Trujillo punitive damages in response to question 13. If the jury's unanimous answer is "No", then skip question 13 and have your foreperson sign and date this form and you have completed your deliberations on the claims of Plaintiff Robert Trujillo.

13. We award punitive damages to Plaintiff Robert Trujillo in the amount of: $_____

Dated: _____     _____
                                        Foreperson

4