**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 0 2 2005

MATTHEW J. DYKMAN
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ROBERT TRUJILLO and JOE TRUJILLO,**

    Plaintiffs,

v.                                            Civ. No. 03-995 BB/RHS

**ROLDAN LARGE, personally and as an
officer of the Bernalillo County Sheriff's
Department,**

    Defendant.

## _COURT'S INSTRUCTIONS TO THE JURY_

## INSTRUCTION NO. 1

## OPENING - PROVINCE OF THE COURT

MEMBERS OF THE JURY:

You have now heard all of the evidence in the case.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

## INSTRUCTION NO. 2

## JUDGES OF THE FACTS

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must substitute or follow your own idea or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

## INSTRUCTION NO. 3

## EQUAL STANDING

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

# INSTRUCTION NO. 4

## STATEMENT OF CLAIMS AND DEFENSES

In this case, Plaintiffs, Robert Trujillo and Joe Trujillo, claim that Defendant Roldan Large, while acting under color of the authority of the State of New Mexico as a member of the Bernalillo County Sheriff's Department, intentionally violated the Plaintiffs' constitutional rights in violation of 42 U.S.C. § 1983. Plaintiffs claim that Defendant Large executed a search warrant in an impermissible manner, and used excessive force against Plaintiff Robert Trujillo when executing the search warrant. Finally, Plaintiffs claim they were injured by the Defendant's actions.

Defendant denies the Plaintiffs' contentions and submits that Defendant Large executed the search warrant in a permissible manner and that he used only that force necessary to subdue Plaintiff Robert Trujillo in light of the circumstances facing Deputy Large. Defendant also contends he is entitled to the defense of qualified immunity, because his conduct was objectively reasonable at the time he acted.

It is your responsibility to decide whether either or both Plaintiffs have proven their claims against the Defendant by a preponderance of the evidence, as

that term is defined in these instructions. It is also your responsibility to decide whether the Defendant has proven his defense by a preponderance of the evidence.

## INSTRUCTION NO. 5

## ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIMS

The plaintiffs, Robert Trujillo and Joe Trujillo, claim that the defendant, Roldan Large, while acting under color of authority of the State of New Mexico as a member of the Bernalillo County Sheriff's Department, intentionally violated the plaintiffs' constitutional rights. The constitutional rights that plaintiff Robert Trujillo claims were violated are these:

1. The right not to be subjected to an unreasonable search of one's home or dwelling; and

2. The right to be free from the use of excessive force during the execution of a search warrant.

The constitutional right that plaintiff Joe Trujillo claims was violated is:

1. The right not to be subjected to an unreasonable search of one's home or dwelling.

Under the Constitution of the United States, a citizen has the right not to be subjected to an unreasonable search of his home; and, he has the right not to be subjected to unreasonable force during the execution of a search warrant by a law enforcement officer.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates his rights under the

Constitution of the United States.

In order to succeed with his claim in this case, each plaintiff must prove each of the following by a preponderance of the evidence:

1. That the defendant intentionally committed acts that violated one or more of that plaintiff's Federal constitutional rights;

2. That in so doing the defendant acted "under color" of the authority of the State of New Mexico; and

3. That the defendant's acts were the legal cause of the plaintiff's damages.

In this case the parties have stipulated (agreed) that the defendant acted "under color" of state law and you must accept that fact as proven.

## INSTRUCTION NO. 6

## UNREASONABLE SEARCH CLAIM

The plaintiffs claim that defendant Large did not properly announce his presence and authority before entering the plaintiffs' residence. The Constitution requires that police officers executing a search warrant for a residence must announce their presence and authority before entering. If the occupants of a residence do not admit the officers within a reasonable period of time after they have knocked and announced their presence and purpose, the officers may be deemed to be constructively refused admittance, and they may then enter by force. The amount of time that an officer must wait after knocking and announcing depends on the particular facts and circumstances of each case. An officer's actions in entering a residence by force must be judged by whether the officer's actions were reasonable under the circumstances.

## INSTRUCTION NO. 7

## EXCESSIVE FORCE CLAIM

The plaintiff Robert Trujillo also claims that the defendant Large used excessive force during the execution of the search warrant. In order to prove that the defendant used excessive force in violation of the Fourth Amendment, Robert Trujillo must prove by a preponderance of the evidence:

1. some harm, that

2. resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

3. objectively unreasonable in light of the facts and circumstances at the time.

If Robert Trujillo fails to prove any one of these elements, you must find for the defendant on this claim.

Some of the things you may want to consider in determining whether the defendant used excessive force are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, (5) any efforts made to temper the severity of a forceful response, (6) the severity of the crime at issue, (7) whether the suspect posed an immediate threat to the safety of the officers or others, (8) and whether he was actively resisting arrest or attempting

to evade arrest by flight. Injuries which result from, for example, an officer's use of reasonable force to overcome resistance to arrest do not involve constitutionally protected interests.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The nature of reasonableness must allow for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. You should pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

This reasonableness inquiry is an objective one: the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

## INSTRUCTION NO. 8

## CAUSATION REQUIREMENT

Each plaintiff must prove by a preponderance of the evidence that the act or failure to act by the defendant was a cause-in-fact of the damage plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendant  was a proximate cause of the damage plaintiff suffered.  An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

## INSTRUCTION NO. 9

## QUALIFIED IMMUNITY DEFENSE

If you find that either plaintiff has proven one or more of his claims, you must then consider defendant Large's defense that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident, and that he is therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens. It is clearly established that United States citizens are protected, by the Fourth Amendment to the Constitution, against unreasonable searches of their homes and against the use of excessive force.

If, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time, you find from a preponderance of the evidence that one or both of the plaintiffs have proved either (1) that defendant Large was plainly incompetent or (2) that he knowingly violated the law regarding that plaintiff's constitutional rights, you must find for that plaintiff. If, however, you find that the defendant had a reasonable belief that his actions did not violate the constitutional rights of either plaintiff, then you cannot find the defendant liable even if one or both of the plaintiffs' rights were in fact violated as a result of the defendant's objectively reasonable action.

## INSTRUCTION NO. 10

### DEFENDANT'S INTENT/PLAINTIFF'S STATE OF MIND

A defendant's intent ordinarily may not be proved directly because there is no way of scrutinizing the operations of the human mind. However, you may infer defendant Large's intent from surrounding circumstances. You may consider any statement made or act done or omitted by the defendant, and all factors and circumstances which indicate his state of mind. You may consider it reasonable to infer that the defendant intended the natural and probable consequences of acts he has knowingly done or omitted.

Also, for purposes of determining the reasonableness of Defendant Large's use of force, you must not consider Plaintiff Robert Trujillo's state of mind. The Constitution does not require that the defendant know what was in Robert Trujillo's heart or mind. The Constitution only requires that, from an objective point of view and taking all factors into consideration, Defendant Large used a reasonable amount of force in response to Robert Trujillo's actions.

## INSTRUCTION NO. 11

## LACK OF CRIMINAL CHARGES

You have heard evidence that no criminal charges were filed against the plaintiffs following the search of their residence, and that no drugs were found in the residence. A search is not unconstitutional merely because the information relied upon by a police officer later turns out to be wrong. The facts that no drugs were found during the search, and no charges were filed against the plaintiffs, do not mean that Defendant Large acted improperly in executing the warrant or that he used excessive force against plaintiff Robert Trujillo.

## INSTRUCTION NO. 12

## PREPONDERANCE OF THE EVIDENCE

Each plaintiff must prove every essential part of his claims by a preponderance of the evidence, and defendant Large must prove every essential part of his defense by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that a party's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.

If the proof fails to establish any essential part of either plaintiff's claims by a preponderance of the evidence, you should find for the defendant on that claim. If the proof fails to establish any essential part of defendant Large's defense by a preponderance of the evidence, you should find for the plaintiffs on that defense.

INSTRUCTION NO. 13

DEFINITION OF "EVIDENCE"

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, the exhibits admitted in the record, any facts admitted or agreed to by counsel, and any facts which the Court instructs you to accept as true.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. 14

CIRCUMSTANTIAL VS. DIRECT EVIDENCE

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

## INSTRUCTION NO. 15

## CREDIBILITY OF WITNESSES

I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to the Plaintiffs or to the Defendant; the witness' interest, if any, in the outcome of the case; their manner of testifying; their opportunity to observe or acquire knowledge concerning the facts about which the witness testified; their candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## INSTRUCTION NO. 16

## IMPEACHMENT

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness, or by evidence that the general reputation of the witness for truth, honesty or integrity is bad. If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

# INSTRUCTION NO. 17

## DEPOSITION TESTIMONY

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing. This testimony is entitled to the same consideration that you give any other testimony at this trial.

## INSTRUCTION NO. 18

## INTERROGATORIES

Interrogatories are written questions asked by one party to another before trial and answered under oath.  The questions and answers may be read at trial as evidence.  The answers read to you are testimony under oath and are entitled to the same consideration that you give any other testimony.

INSTRUCTION NO. 19

SCIENTIFIC/TECHNICAL EVIDENCE

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an expert opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

INSTRUCTION NO. 20

STATEMENTS TO MEDICAL PERSONNEL

A medical witness may testify about statements concerning a person's medical history that were made for purposes of diagnosis or treatment. Such statements are not evidence of their own truth, but they may be considered to show the information upon which the witness's diagnosis or medical opinion was based. To whatever extent the opinion of the witness is based upon such statements, you may consider the trustworthiness of the statements in determining the weight to be given to the witness's opinion.

## INSTRUCTION NO. 21

## DETERMINE LIABILITY BEFORE DAMAGES

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

INSTRUCTION NO. 22

DETERMINATION OF DAMAGES

If you should decide in favor of either Plaintiff on the question of liability, you must then fix the amount of money that will reasonably and fairly compensate that Plaintiff for any of the following elements of damages proved by him to have resulted from the Defendant's wrongful conduct:

For Plaintiff Robert Trujillo: (1) The reasonable expense of necessary medical care, treatment, and services he has received, as well as the present cash value of any reasonable expenses for medical care, treatment, and services reasonably certain to be received by him in the future;

(2) the nature, extent, and duration of his injury;

(3) the pain and suffering experienced and reasonably certain to be experienced in the future as a result of his injury; and

(4) any wages lost as a result of the injury.

For Plaintiff Joe Trujillo: (1) Property damage.

The guide for you to follow in determining compensation for pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the plaintiff with fairness to all parties to this action.

In determining property damages, if any, you may award the reasonable expense of necessary repairs to the property that was damaged.

If you decide to award compensatory damages, you should be guided by

## INSTRUCTION NO. 23

## NOMINAL DAMAGES

If you find in favor of either Plaintiff, but you find that either Plaintiff's damages have no monetary value, then you must return a verdict for that Plaintiff in the nominal amount of one dollar ($1.00).

INSTRUCTION NO. 24

CLOSING ARGUMENTS

After these instructions on the law governing the case, the lawyers may make closing arguments, or statements, on the evidence and the law. These summaries can be of considerable assistance to you in arriving at your decision and you should listen carefully. You may give them such weight as you think proper. However, neither these final discussions nor any other remarks or arguments of the attorneys made during the course of trial are to be considered by you as evidence or as correct statements of the law, if contrary to the law given you in these instructions.

## INSTRUCTION NO. 25

## ALL JURORS TO PARTICIPATE

The jury acts as a body. Therefore, on every question which you must answer, it is necessary that all jurors participate. Before a question can be answered, all of you must agree upon the answer.

## INSTRUCTION NO. 26

## UNANIMOUS VERDICT

Any verdict you reach must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 27

VERDICT FORM

Upon retiring to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. A Special Verdict Form has been prepared for your convenience. The Special Verdict Form reads as follows:

[Read Verdict Form]

You will take the Court's instructions and the verdict form to the jury room and when you have reached unanimous agreement as to each of the questions asked in the verdict form, your foreperson will write the unanimous answer of the jury in the space provided. At the conclusion of your deliberations, the foreperson must sign and date the verdict form and notify the Court that you have reached your verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message on the stationery provided to you in the jury room and pass the note to the court security officer, who will bring it to my attention. I will respond as promptly as possible, either in writing or by bringing you back into the court so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never reveal how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

Faithful performance by you of your duties is vital to the administration of justice.

DATED at Albuquerque this ___ day of March, 2005.

BRUCE D. BLACK
United States District Judge